(No. 79-CC-0970—▮▮▮▮▮▮)

BROKAW HOSPITAL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1982.*

YODER, YODER, ZANONI, FLYNN, PRALL & WILLARD, for Claimant.

TYRONE C. FAHNER, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is a claim for services rendered by the Claimant, Brokaw Hospital, a region III-B hospital, to a patient pursuant to a contract with the Illinois Department of Mental Health and Developmental Disabilities (hereinafter the Department) for the fiscal year 1978.

The parties have stipulated to the facts and have submitted the issue to the Court on briefs and stipulated documentation. That evidence shows that a written contract for services was entered into between Claimant and the Department on July 1, 1977. That contract placed a ceiling of $50,000 on the amount to be paid to Claimant during fiscal year 1978. The Department paid $13,276.00 to the Claimant over the contract ceiling for services rendered to patients for fiscal year 1978. There is no dispute that proper services were rendered to patient Winifred Vaighan totaling $2356.00. The claim was denied and this claim was thereafter filed.

The Respondent denies liability on the theory that the claim exceeds the maximum contractual limit of the Department. Claimant responds that the payment of $13,276 over the contract ceiling operates as a waiver of that ceiling, and thus the State should be estopped from denying liability for the $2356.00 claim herein.

From the stipulation of facts, it is undisputed that the claim exceeded the contract ceiling. Further, it is not

disputed that there is no authority for the Department to transfer funds from one region to another. There were no unobligated funds remaining to pay the claim.

The 1970 Illinois Constitution, article 8, section 2b, prohibits appropriations from exceeding available funds during any fiscal year. Section 30 of the State Finance Act (Ill. Rev. Stat. 1979, ch. 127, par. 166), prohibits any agency or department or office of this State from contracting to bind the State in any amount in excess of appropriated funds.

The payment of $13,276 over the contract limit does not estop the State from denying liability. State offices may be estopped only by extraordinary circumstances. The payment over the contract limit is not such an extraordinary event. *People ex rel. Scott v. Chicago Thoroughbred Enterprises, Inc.* (1973), 56 Ill. 2d 210, 220, 306 N.E.2d 7.

The Claimant has not shown any such extraordinary circumstances in the instant case that would allow the doctrine of estoppel applied herein. Furthermore, the Claimant knew or should have been aware that it had received payments in excess of its contractual limit. The Claimant cannot properly invoke the doctrine of estoppel.

This Court has recently held in *Memorial Medical Center of Springfield v. State,* ___ Ill. Ct. Cl . ___ (No. 80-CC-926, Dec. 8, 1981), that an award may not be made where the services which are the subject matter of the claim are in excess of the amount for which the State agency had contracted and where there are no unobligated funds at the end of the fiscal year. The instant facts are identical to *Memorial Medical Center,* and that

decision is controlling. The claim of Brokaw Hospital must therefore be denied.

The claim is denied.