(No. 81-CC-1042

DEANE FRYE, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 22, 1984.*

DWIGHT L. SHOEMAKER, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This claim was brought by Deane Frye, Inc., against the State of Illinois for $2,750.00. Claimant contends the money is due for additional work performed at a State-owned building, and which was necessitated by certain conditions in and around the building not contemplated by the parties in the written contract.

The written contract entered into on November 20, 1979, called for payment of $20,500.00 to Claimant as the cost for the entire project. In April of 1980 it was discovered by Claimant that unforeseen circumstances concerning the building and other matters required modifications of the work contemplated by the written contract.

The Claimant proceeded to perform additional work which it valued at $4,250.00. Respondent paid $1,500.00 to Claimant which exhausted the appropriation for the project. A hearing was held on January 18, 1983, all briefs and the report of the commissioner are filed, and the matter now comes on for the Court's decision.

There was much time devoted by the parties at the hearing and in the briefs to the questions of whether the additional work was necessary and whether it was done pursuant to proper authority from the Respondent. The Court agrees with the arguments advanced by the Respondent on the latter question.

It is uncontroverted that the $4,250.00 claim for the additional work exceeded the contract limit, and that after the payment of the $1,500.00 on that claim there remained no funds left in the project appropriation. Since there were no funds appropriated for the project sufficient to pay the full amount of the additional claim, there is no legal authority for its payment. Ill. Const. 1970, art. VIII, sec. 2(b); Ill. Rev. Stat., ch. 127, par. 166.

For the reasons discussed in Respondent's brief, Claimant's reliance on the doctrines of ratification and equitable estoppel is misplaced and cannot operate to defeat the clear intent expressed in the Constitution and by the General Assembly. The facts in this case, even when considered in a light most favorable to Claimant,

do not demonstrate the kind of extraordinary affirmative conduct by Respondent and *its* employees which *is* necessary to estop the State in a case such as this where the project appropriation has been exhausted. *Brokaw Hospital v. State* (1982), 35 Ill. Ct. Cl. 231.

The Claimant's estoppel argument must also fail for the reason that Claimant knew that the additional claim was in excess of the written contract amount, and as the State has demonstrated, Claimant did not follow proper procedures necessary to protect its claim. See *Brokaw, supra.*

For the foregoing reasons, it is the opinion of the Court that this claim be, and hereby is, denied.